STEPHANIE S. CHRISTENSEN
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
ROSALIND WANG (Cal. Bar No. 218626)
Assistant United States Attorney
Santa Ana Branch Office
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3547
    Facsimile: (714) 338-3708
    E-mail:   Rosalind.wang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**09/02/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ kdu _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA No. CR 21-214-DOC |
|       Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOHN GOLDBERG |
|         v. | |
| JOHN GOLBERG, et al., | |
|       Defendants. | |

1.   This constitutes the plea agreement between JOHN GOLDBERG ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the

1

1  indictment in United States v. John Goldberg, et al., SA CR No. 21-
2  214-DOC, which charges defendant with Conspiracy to Structure
3  Financial Transactions, in violation of 18 U.S.C. § 371.

4          b)    Not contest facts agreed to in this agreement.

5          c)    Abide by all agreements regarding sentencing
6  contained in this agreement.

7          d)    Appear for all court appearances, surrender as
8  ordered for service of sentence, obey all conditions of any bond,
9  and obey any other ongoing court order in this matter.

10         e)    Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
13 not within the scope of this agreement.

14         f)    Be truthful at all times with the United States
15 Probation and Pretrial Services Office and the Court.

16         g)    Pay the applicable special assessment at or before
17 the time of sentencing unless defendant has demonstrated a lack of
18 ability to pay such assessments.

19                         THE USAO'S OBLIGATIONS

20    3.   The USAO agrees to:

21         a)    Not contest facts agreed to in this agreement.

22         b)    Abide by all agreements regarding sentencing
23 contained in this agreement.

24         c)    At the time of sentencing, move to dismiss the
25 remaining counts of the indictment as against defendant.  Defendant
26 agrees, however, that at the time of sentencing the Court may
27 consider any dismissed charges in determining the applicable

28

                                    2

1  Sentencing Guidelines range, the propriety and extent of any
2  departure from that range, and the sentence to be imposed.
3        d)   At the time of sentencing, provided that defendant
4  demonstrates an acceptance of responsibility for the offense up to
5  and including the time of sentencing, recommend a two-level
6  reduction in the applicable Sentencing Guidelines offense level,
7  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move
8  for an additional one-level reduction if available under that
9  section.
10       e)   Not seek a sentence of imprisonment above the mid-
11 point of the applicable Sentencing Guidelines range, provided that
12 the offense level used by the Court to determine that range is 17 or
13 higher.  For purposes of this agreement, the mid-point of the
14 Sentencing Guidelines range is that defined by the Sentencing Table
15 in U.S.S.G. Chapter 5, Part A.

16                        NATURE OF THE OFFENSE

17       4.   Defendant understands that for defendant to be guilty of
18 the crime charged in count five, that is, Conspiracy to Structure
19 Financial Transactions, in violation of Title 18, United States
20 Code, Section 371, the following must be true: (1) beginning in or
21 about January 2017 and continuing to in or about February 2019,
22 there was an agreement between two or more persons to structure or
23 assist in structuring financial transactions for the purpose of
24 evading currency transaction reporting requirements, in violation of
25 Title 31, United States Code, Sections 5324(a)(1) and 5324(a)(3);
26 (2) defendant became a member of the conspiracy knowing of at least
27 one of its objects and intending to help accomplish it; and (3) one
28

                                    3

1   of the members of the conspiracy performed at least one overt act

2   for the purpose of carrying out the conspiracy.

3                              PENALTIES

4        5.    Defendant understands that the statutory maximum sentence

5   that the Court can impose for a violation of Title 18, United States

6   Code, Section 371 is: five years' imprisonment; a three-year period

7   of supervised release; a fine of $250,000; and a mandatory special

8   assessment of $100.

9        6.    Defendant understands that supervised release is a period

10  of time following imprisonment during which defendant will be

11  subject to various restrictions and requirements.  Defendant

12  understands that if defendant violates one or more of the conditions

13  of any supervised release imposed, defendant may be returned to

14  prison for all or part of the term of supervised release authorized

15  by statute for the offense that resulted in the term of supervised

16  release, which could result in defendant serving a total term of

17  imprisonment greater than the statutory maximum stated above.

18       7.    Defendant understands that, by pleading guilty, defendant

19  may be giving up valuable government benefits and valuable civic

20  rights, such as the right to vote, the right to possess a firearm,

21  the right to hold office, and the right to serve on a jury.

22  Defendant understands that defendant is pleading guilty to a felony

23  and that it is a federal crime for a convicted felon to possess a

24  firearm or ammunition.  Defendant understands that the conviction in

25  this case may also subject defendant to various other collateral

26  consequences, including but not limited to revocation of probation,

27  parole, or supervised release in another case and suspension or

28  revocation of a professional license.  Defendant understands that

                                  4

1  unanticipated collateral consequences will not serve as grounds to

2  withdraw defendant's guilty plea.

3      8.   Defendant understands that, if defendant is not a United

4  States citizen, the felony conviction in this case may subject

5  defendant to: removal, also known as deportation, which may, under

6  some circumstances, be mandatory; denial of citizenship; and denial

7  of admission to the United States in the future.  The Court cannot,

8  and defendant's attorney also may not be able to, advise defendant

9  fully regarding the immigration consequences of the felony

10 conviction in this case.  Defendant understands that unexpected

11 immigration consequences will not serve as grounds to withdraw

12 defendant's guilty plea.

13                          FACTUAL BASIS

14      9.   Defendant admits that defendant is, in fact, guilty of the

15 offense to which defendant is agreeing to plead guilty.  Defendant

16 and the USAO agree to the statement of facts provided below and

17 agree that this statement of facts is sufficient to support a plea

18 of guilty to the charge described in this agreement and to establish

19 the Sentencing Guidelines factors set forth in paragraph 11 below

20 but is not meant to be a complete recitation of all facts relevant

21 to the underlying criminal conduct or all facts known to either

22 party that relate to that conduct.

23      Between January 2017 to January 31, 2019, defendant knowingly

24 participated in the conspiracy charged in count five of the

25 indictment in United States v. John Goldberg, et al., SA CR No. 21-

26 214-DOC, to which he is pleading guilty.  Defendant was aware of the

27 currency transaction reporting requirements for deposits,

28 withdrawals, transfers, or payments involving more than $10,000 in

cash or currency.   During the course of the conspiracy, defendant knowingly allowed co-conspirators to make deposits of U.S. currency in incremental amounts of less than $10,000 into bank accounts controlled by defendant.   In doing this, defendant intended to assist his co-conspirators in evading the currency transaction reporting requirements.   However, at all times, defendant believed that the source and use of the U.S. currency was in connection with a cannabis business that was complying with California laws.

For example, on January 27, 2017, a co-conspirator in Philadelphia, Pennsylvania deposited $8,000 cash into Bank of America account x7225, and $8,000 cash into Wells Fargo Bank account x0808.   Both accounts were controlled by defendant.   Defendant knew that the total amount of cash that the co-conspirator had on that day was over $10,000, and allowed the structured deposits to be made into those accounts in furtherance of the conspiracy.

Between January 27, 2017 and January 31, 2019, defendant knowingly allowed co-conspirators to make structured deposits totaling at least $150,000 into bank accounts that defendant controlled.

SENTENCING FACTORS

10.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering

the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:     6   [U.S.S.G. § 2S1.3(a)(2)]

More than $100,000
in 12-month period:     +2   [U.S.S.G. § 2S1.3(b)(2)]

12. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant will seek a downward departure based upon his medical condition of medical diagnosis for incurable blood cancer, Waldenstrom Macroglobulinemia supported by the presence of chronic Lymphoplastmacytic lymphoma in the bone marrow, as provided in U.S.S.G § 5H1.4 and other sections. Defendant will also seek a downward departure based on his family circumstances as the only available caregiver of his six-year-old daughter as provided in U.S.S.G § 5H1.6 and other sections.  However, defendant agrees not to argue that the Loss Amount is less than $150,000 under U.S.S.G. § 2B1.1(b)(1), and understands that the USAO reserves the right to argue for a higher Loss Amount.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines effective on November 1, 2018 represent a

1  reasonable basis for the Court to determine defendant's sentence in
2  this case, and that defendant should be sentenced in accordance with
3  the Sentencing Guidelines.  Therefore, subject to paragraph 23
4  below, defendant and the USAO agree not to argue, either orally or
5  in writing, that the Court (a) not follow the Sentencing Guidelines
6  in imposing sentence; (b) impose a sentence not in accordance with
7  the Sentencing Guidelines; or (c) impose a term of imprisonment
8  outside the sentencing range corresponding to the determined offense
9  level.

## WAIVER OF CONSTITUTIONAL RIGHTS

11      15.  Defendant understands that by pleading guilty, defendant
12  gives up the following rights:

13          a)  The right to persist in a plea of not guilty.

14          b)  The right to a speedy and public trial by jury.

15          c)  The right to be represented by counsel -- and if
16  necessary have the Court appoint counsel -- at trial.  Defendant
17  understands, however, that, defendant retains the right to be
18  represented by counsel -- and if necessary have the Court appoint
19  counsel -- at every other stage of the proceeding.

20          d)  The right to be presumed innocent and to have the
21  burden of proof placed on the government to prove defendant guilty
22  beyond a reasonable doubt.

23          e)  The right to confront and cross-examine witnesses
24  against defendant.

25          f)  The right to testify and to present evidence in
26  opposition to the charges, including the right to compel the
27  attendance of witnesses to testify.

28

g)   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

16.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.   Defendant agrees that, provided the Court imposes a sentence within or below the range corresponding to a total offense level of 17 and the applicable criminal history category as determined by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the

Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

//

1            <u>EFFECTIVE DATE OF AGREEMENT</u>

2        20.   This agreement is effective upon signature and execution

3   of all required certifications by defendant, defendant's counsel,

4   and an Assistant United States Attorney.

5            <u>BREACH OF AGREEMENT</u>

6        21.   Defendant agrees that if defendant, at any time after the

7   signature of this agreement and execution of all required

8   certifications by defendant, defendant's counsel, and an Assistant

9   United States Attorney, knowingly violates or fails to perform any

10  of defendant's obligations under this agreement ("a breach"), the

11  USAO may declare this agreement breached.   All of defendant's

12  obligations are material, a single breach of this agreement is

13  sufficient for the USAO to declare a breach, and defendant shall not

14  be deemed to have cured a breach without the express agreement of

15  the USAO in writing.   If the USAO declares this agreement breached,

16  and the Court finds such a breach to have occurred, then: (a) if

17  defendant has previously entered a guilty plea pursuant to this

18  agreement, defendant will not be able to withdraw the guilty plea,

19  and (b) the USAO will be relieved of all its obligations under this

20  agreement.

21       22.   Following the Court's finding of a knowing breach of this

22  agreement by defendant, should the USAO choose to pursue any charge

23  that was either dismissed or not filed as a result of this

24  agreement, then:

25            a)    Defendant agrees that any applicable statute of

26  limitations is tolled between the date of defendant's signing of

27  this agreement and the filing commencing any such action.

28

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 11 are
consistent with the facts of this case.  While this paragraph
permits both the USAO and defendant to submit full and complete
factual information to the United States Probation and Pretrial
Services Office and the Court, even if that factual information may
be viewed as inconsistent with the facts agreed to in this
agreement, this paragraph does not affect defendant's and the USAO's
obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to
the maximum established by statute, defendant cannot, for that
reason, withdraw defendant's guilty plea, and defendant will remain
bound to fulfill all defendant's obligations under this agreement.
Defendant understands that no one -- not the prosecutor, defendant's
attorney, or the Court -- can make a binding prediction or promise
regarding the sentence defendant will receive, except that it will
be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

26.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          27.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

     AGREED AND ACCEPTED
6
     UNITED STATES ATTORNEY'S OFFICE
7    FOR THE CENTRAL DISTRICT OF CALIFORNIA

8    STEPHANIE S. CHRISTENSEN
     Acting United States Attorney
9

10   ROSALIND WANG                          Date   9/2/22
     Assistant United States Attorney
11

12   JOHN GOLDBERG                          Date   9-2-2022
     Defendant
13

14   MARK WERKSMAN                          Date   9/2/22
     Attorney for Defendant
15   JOHN GOLDBERG

16

17              CERTIFICATION OF DEFENDANT

18         I have read this agreement in its entirety.  I have had enough

19   time to review and consider this agreement, and I have carefully and

20   thoroughly discussed every part of it with my attorney.  I

21   understand the terms of this agreement, and I voluntarily agree to

22   those terms.  I have discussed the evidence with my attorney, and my

23   attorney has advised me of my rights, of possible pretrial motions

24   that might be filed, of possible defenses that might be asserted

25   either prior to or at trial, of the sentencing factors set forth in

26   18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

27   and of the consequences of entering into this agreement.  No

28   promises, inducements, or representations of any kind have been made

                                  14

to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        9·2·2022
JOHN GOLDBERG                             Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOHN GOLDBERG's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        9/2/22
MARK WERKSMAN                            Date
Attorney for Defendant
JOHN GOLDBERG